UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARINA MIGULEVA, a Washington Resident,<br><br>     Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF NATURAL RESOURCES, an agency of the State of Washington,<br><br>     Defendant. | NO. 2:21-CV-0339-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT |

BEFORE THE COURT are Defendant's Motion for Partial Summary Judgment (ECF No. 18) and Defendant's Motion to Exclude Expert (ECF No. 21). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motions (ECF Nos. 18, 21) are **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 1

## BACKGROUND

This matter arises out of alleged discrimination Plaintiff Marina Miguleva ("Plaintiff") experienced while employed by Defendant Washington State Department of Natural Resources ("Defendant"). The following facts are not in dispute except where noted.

Plaintiff's national heritage is Russian. ECF No. 25-4 at 1, ¶ 1. She moved to the United States in or around 2005 and graduated high school in 2015. *Id*. In April 2019, Plaintiff was hired by Defendant as a seasonal firefighter. ECF No. 19 at 1, ¶ 1. Plaintiff alleges she began to experience discriminatory treatment by her supervisor, John Kearney, based on her sex/gender and her national origin and immigration status shortly after her employment began. ECF No. 25-4 at 2, ¶ 4. Defendant objects to this statement of fact to the extent that the evidence cited does not indicate national origin or immigration status discrimination. ECF No. 28 at 1, ¶ 4. Plaintiff went to Defendant's human resources department ("HR") in June 2019 regarding "the disparate treatment she was receiving by Mr. Kearney." ECF No. 25-4 at 4, ¶ 6. Plaintiff does not specify what kind of disparate treatment she discussed with HR. In July 2019, Plaintiff alleges she was "forced to tell Mr. Kearney about her complaints of disparate treatment from him" during an HR personnel meeting. *Id*., ¶ 7. Again, Plaintiff does not specify the kind of disparate treatment she was forced to discuss.

After the July 2019 HR meeting, Plaintiff went to another supervisor, Paul Nelson, to inform him of the "disparate treatment based on her sex/gender and national origin and immigration status." ECF No. 25-4 at 5, ¶ 9. Sometime in July or August 2019, Mr. Kearney gave Plaintiff a poor performance evaluation, which Plaintiff alleges was in retaliation for "complaining of disparate treatment." *Id*., ¶ 11. Plaintiff does not specify the kind of disparate treatment she complained about. Thereafter, Plaintiff was transferred to a different engine. *Id*. at 6, ¶ 12. Plaintiff appears to have agreed to the transfer. *See* ECF No. 25-3 at 14.

In December 2019, Plaintiff reapplied for the 2020 fire season. ECF No. 25-4 at 6, ¶ 14. In January 2020, Plaintiff was informed she would not be rehired because she was "not a good fit" for the program. *Id*. at 7, ¶ 15. On or about January 18, 2020, Plaintiff claims she was informed by Steve Kinley, another supervisor, that she was not rehired in retaliation for her complaints of "discrimination in the workplace." *Id*., ¶ 16. Defendant objects to this fact to the extent that it does not offer evidence of discrimination based on national origin or immigration status. ECF No. 28 at 3, ¶ 16.

Plaintiff filed a Complaint in this Court on December 9, 2021, raising the following causes of action: (1) discrimination based on sex/gender and national origin and immigration status in violation of Title VII, 42 U.S.C. § 2000e-2, *et seq*., and the Washington Law Against Discrimination ("WLAD"), RCW

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 3

49.60.180; (2) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3, *et seq.*, and WLAD, RCW 49.60.210; and (3) wrongful termination in violation of public policy under Washington's common law.  In the present motions, Defendant moves for summary judgment only as to Plaintiff's claims premised on national origin and immigration status, as well as all causes of action arising under state law.  ECF No. 18.  Defendant also seeks to exclude the testimony from Plaintiff's expert witness, Robert Dietrich.  ECF No. 21.

## DISCUSSION

### I. Motion for Partial Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

...

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**A. Eleventh Amendment Immunity**

Defendant moves for summary judgment on Plaintiff's state law claims on the grounds that Defendant is protected by Eleventh Amendment immunity. ECF No. 18 at 4. Plaintiff raises three state law claims: (1) sex/gender discrimination and national origin and immigration status discrimination in violation of the WLAD, RCW 49.60.180, (2) retaliation in violation of the WLAD, RCW 49.60.210, and (3) wrongful termination in violation of public policy under the common law. ECF No. 1 at 7, ¶¶ 23–24, at 9, ¶¶ 28–29.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 5

"The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones,* 319 F.3d 483, 491 (9th Cir. 2003). There are three recognized exceptions to Eleventh Amendment immunity: (1) congressional abrogation, (2) waiver by the state consenting to suit in federal court, and (3) under the *Ex parte Young* doctrine, suits seeking prospective injunctive relief against state officials for ongoing violations of federal law. *See Micomonaco v. State of Wash.,* 45 F.3d 316, 319 (9th Cir.1995); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 73 (1996). State agencies are immune from suits for injunctive relief brought in federal court. *Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 201 (9th Cir. 1988).

None of the exceptions apply here. Congress has not abrogated state immunity for any of Plaintiff's state law claims and Plaintiff does not seek prospective relief against a state official. Plaintiff filed this action in federal court; therefore, Defendant did not waive immunity by removing the case, and Defendant clearly asserted immunity as an affirmative defense in its Answer. ECF No. 5 at 8. Moreover, contrary to Plaintiff's argument, the Ninth Circuit and Washington courts have found that "Washington's waiver of immunity in its own courts does not waive its immunity in the federal courts." *McConnell v. Critchlow,* 661 F.2d 116, 117 (9th Cir. 1981) (citation omitted); *see also Rains v. State,* 100 Wash. 2d 660, 667–68 (1983). Accordingly, Defendant is entitled to summary judgment on

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 6

Plaintiff's state law claims as a matter of law.

**B. National Origin Discrimination**

Plaintiff alleges discrimination based on national origin and immigration status in violation of the WLAD, RCW 49.60180, and Title VII, 42 U.S.C. § 2000e-2, *et seq*. ECF No. 1 at 7. As an initial matter, "immigration status" is a term of art generally used to describe a person's lawful or unlawful presence in the United States. *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1061 (9th Cir. 2004) (finding employee immigration status was not discoverable in a Title VII action because forcing employees to reveal such information could deter undocumented workers from filing complaints about labor and civil rights violations and the information was not relevant to the issue of liability). Plaintiff seems to use the term as a reference to her Russian heritage, not her legal status as an immigrant. *See, e.g.*, ECF No. 25 at 9. Moreover, her legal presence in the United States is not at issue in this case or relevant to any claims. Therefore, the Court will disregard the parties' use of the term. Additionally, having dismissed Plaintiff's state law claims, the Court's analysis of this cause of action is limited to Plaintiff's claim under federal law.

Defendant moves for summary judgment on the grounds that there is no evidence to support Plaintiff's claim for discrimination. ECF No. 18 at 5. Plaintiff alleges she was not hired back for the 2020 fire season because of her Russian

heritage and accent.  ECF No. 25 at 10–11.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of national origin, *inter alia*. 42 U.S.C. § 2000e-2(a).  Title VII claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).  *See Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1105 (9th Cir. 2008). Under the *McDonnell Douglas* burden-shifting analysis, a plaintiff must first establish a prima facie case by raising an inference of discrimination—that is, a "presumption that the employer unlawfully discriminated against the employee." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253–54 (1981).  If the plaintiff establishes a prima facie case, the burden of production, but not persuasion, then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged action.  *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994).  If the employer does so, then the plaintiff must show that the employer's proffered reason is merely pretext for a discriminatory motive. *Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1126 (9th Cir. 2001).

In a disparate treatment case, a plaintiff can raise the inference of discrimination by showing: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 8

favorably, or other circumstances surrounding the adverse action give rise to an inference of discrimination. *Peterson v. Hewlett–Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004) (citation omitted); *Lyons v. England,* 307 F.3d 1092, 1112–14 (9th Cir. 2002). The degree of proof necessary to establish a prima facie case at summary judgment is minimal and need not rise to the level of preponderance of the evidence, but it must be more than conclusory allegations of discrimination. *Wallis*, 26 F.3d at 889; *Peterson*, 358 F3d at 603.

The parties do not dispute Plaintiff is a member of a protected class and that she was qualified for her job. ECF No. 25 at 8. The parties dispute whether Plaintiff suffered an adverse employment action and whether other members outside of Plaintiff's protected class were treated more favorably or whether there were other circumstances that give rise to an inference of discrimination. ECF No. 28 at 3, ¶ 16. Plaintiff asserts she was treated differently and received adverse employment actions because she was of Russian decent and had an accent. ECF Nos. 25 at 11; 25-5 at 3, ¶ 5. To support her contention, Plaintiff cites her own subjective belief that Mr. Kearney had a difficult time understanding her accent and meaning and refused to take the time to understand her. ECF No. 25-3 at 16–17.

Plaintiff also cites witness testimony sharing the same belief. First, Mr. Rennich, an Engine Lead from 2019 to 2021, testified that he believed Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 9

1   Kearney struggled with Plaintiff's accent and her meaning. *Id*. at 35. Mr. Rennich
2   recalled a conversation in mid-April 2019 during which Mr. Kearney confided that
3   he was having difficulty communicating with Plaintiff. *Id*. When Mr. Rennich
4   asked Mr. Kearney to clarify, Mr. Kearney indicated he did not understand
5   Plaintiff and was not interested in learning how to communicate with her. *Id*.
6          Next, Mr. Kinley, a Suppression Forrester from April 2019 through
7   September 2019, testified that he believed Mr. Kearney did not "know how to deal
8   with a . . . blond Russian gal who had a mind of her own," and further stated his
9   view that Plaintiff's culture was "a long ways from [Mr. Kearney's] culture in
10  Barstow, Washington." ECF No. 25-3 at 45. Mr. Kinley also testified that he
11  believed Mr. Kearney was "picking" on Plaintiff "because she had a Russian
12  accent" and Mr. Kearney had a hard time understanding her accent. *Id*. at 49.
13         The Ninth Circuit has noted "[a]ccent and national origin are obviously
14  inextricably intertwined in many cases." *Raad v. Fairbanks N. Star Borough Sch.*
15  *Dist.*, 323 F.3d 1185, 1195 (9th Cir. 2003), *opinion amended on denial of reh'g,*
16  No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003). Additionally, the
17  EEOC guidelines "classify discrimination based on 'linguistic characteristics' as
18  unlawful under Title VII." *Id*. (citing 29 C.F.R. § 1606.1 (2003)). Although the
19  Ninth Circuit has "repeatedly held that a single discriminatory comment by a
20  plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 10

for the employer," neither Plaintiff nor her witnesses cite to any specific comments or incidents in which her accent or national origin was expressly referenced. *Dominguez–Curry v. Nev. Transp. Dep't,* 424 F.3d 1027, 1039 (9th Cir. 2005). In fact, Plaintiff conceded in her deposition that no one made a comment about her national origin or accent other than having difficulty understanding her. ECF No. 19 at 2, ¶ 3. Moreover, Plaintiff does not provide any evidence that other employees were treated more favorably than her solely based on the fact that she was Russian and spoke with an accent. Although the degree of proof necessary to establish a prima facie case at summary judgment is minimal, Plaintiff's generic and conclusory allegations that she was discriminated against because of her accent or heritage are insufficient.

Even if Plaintiff could establish a prima facie case, her claim would still fail because there is insufficient evidence to show Defendant's reason for not hiring her back was pretext. To prove pretext, a plaintiff may rely on direct evidence that proves a discriminatory animus on its own, or indirect evidence, which requires an inferential step to prove discrimination. *Shokri v. Boeing Co.*, 311 F. Supp. 3d 1204, 1213 (W.D. Wash. 2018), *aff'd,* 777 F. App'x 886 (9th Cir. 2019) (citing *Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005)). Where a plaintiff relies on circumstantial evidence, "a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 11

motives." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (citations omitted).

Here, Plaintiff's proffered evidence is neither specific nor substantial; subjective opinions alone are insufficient to prove pretext. *See Schuler v. Chronicle Broad. Co. Inc.,* 793 F.2d 1010, 1011 (9th Cir. 1986) ("[S]ubjective personal judgments do not raise a genuine issue of material fact").

Even viewing the evidence in a light most favorable to Plaintiff, the Court determines no reasonable jury could properly find she was discriminated against based on her national origin. Defendant is entitled to summary judgment.

### C. Retaliation

It is unclear whether Defendant intended to move for summary judgment on Plaintiff's claim for retaliation. However, based on the conclusion that there is no evidence to support Plaintiff's claim for discrimination based on national origin, her retaliation claim based on complaints of national origin discrimination also fails. The Court makes no determination regarding Plaintiff's retaliation claim premised on sex/gender discrimination. Plaintiff alleges she was not hired back for the 2020 fire season after she complained to HR about Mr. Kearney's treatment of her, in violation of Title VII, 42 U.S.C. § 2000e-3, *et seq*. ECF No. 1 at 8, ¶¶ 25–27.

The *McDonnell Douglas* burden-shifting framework also applies to Title VII retaliation claims. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987). To establish a prima facie case for retaliation under Title VII, a plaintiff must provide sufficient evidence to show: "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." *Raad*, 323 F.3d at 1197. Filing a complaint is considered protected activity. *Id*. The causal link element may be inferred by circumstantial evidence, such as an employer's knowledge of the protected activity and "the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff*, 809 F.2d at 1376.

It is undisputed that Plaintiff complained to HR about Mr. Kearney's treatment of her. However, Plaintiff's evidence indicates she only complained of Mr. Kearney's treatment of her based on her sex and gender. *See, e.g.*, ECF No. 25-3 at 11, at 13–14, at 16. There is no evidence to suggest Plaintiff complained to HR about being treated poorly because of her accent or national origin. Additionally, Plaintiff admitted no one made a comment about her national origin or accent other than having difficulty understanding her. ECF No. 19 at 2, ¶ 3. The witness statements in support of Plaintiff's claims lack any temporal connection to the protected activity. Plaintiff's speculative allegations that Mr. Kearney retaliated against her after she filed a complaint regarding his treatment of

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 13

her based on her heritage and accent are unsubstantiated and insufficient to establish the required causal connection. Accordingly, Defendant is entitled to summary judgment on Plaintiff's retaliation claim to the extent it is premised on national origin discrimination.

**II.    Motion to Exclude Expert Testimony**

Defendant seeks to exclude the expert opinion provided by Robert Dietrich on the basis that Mr. Dietrich's opinion provides only conclusions of fact and law. ECF Nos. 21, 24. Plaintiff argues Mr. Dietrich's testimony provides specialized knowledge regarding proper practices in the human resources industry and that Defendant's motion is premature, as Plaintiff has not sought to admit the report as evidence. ECF No. 23. As to Plaintiff's second argument, Defendant's motion is timely and in accordance with this Court's Jury Trial Scheduling Order. ECF No. 10 at 5.

Expert testimony is admissible if it meets the standards set forth in Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 14

Fed. R. Evid. 702.

Trial courts perform a "gatekeeping" function to ensure that expert testimony conforms to Rule 702's admissibility requirements. *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 597 (1993). The party offering the expert testimony bears the burden of showing the testimony is admissible by a preponderance of the evidence. *Id*. at 592 n.10. Trial judges possess broad latitude to determine the admissibility of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–53 (1999). There are four factors a court will consider in determining whether an expert's opinion will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285–86 (9th Cir. 1998).

Trial courts must also ensure expert testimony is reliable. Reliability is determined by evaluating the following non-exhaustive factors: (1) whether a theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential error rate and the existence and maintenance of standards controlling the theory or technique's operation; and (4) the extent to which a known technique or theory has gained

1   general acceptance within a relevant scientific community.  *Daubert*, 509 U.S. at

2   593–94.  An expert opinion based on "subjective belief or unsupported

3   speculation" is not reliable.  *Id*. at 590.

4         Finally, a court must evaluate the relevancy of the testimony.  *See* Fed. R.

5   Evid. 702.  Expert testimony is relevant if it will assist the trier of fact in

6   understanding evidence or determining a fact at issue.  *Daubert*, 509 U.S. at 591.

7   Conversely, expert opinions that merely tell the jury what conclusion to reach are

8   inadmissible.  Fed. R. Evid. 704, Advisory Committee Note (1972).

9         If the testimony is determined to be reliable and relevant, any alleged

10  weakness in an expert's methodology or conclusion goes to the degree of

11  credibility to be accorded to the evidence, not to the question of admissibility.  *See*

12  *Primiano v. Cook,* 598 F.3d 558, 564 (9th Cir. 2010) ("When an expert meets the

13  threshold established by Rule 702 as explained in *Daubert,* the expert may testify

14  and the jury decides how much weight to give that testimony.").

15        Here, Mr. Dietrich's opinion purports to provide insight into human resource

16  management.  *See generally*, ECF No. 22-1.  However, a review of Mr. Dietrich's

17  opinion reveals nothing more than conclusory statements of fact and law, which

18  are beyond the scope of his expertise.  For example, Mr. Dietrich improperly

19  concludes "discrimination is exactly the treatment that [Plaintiff] experienced,"

20  and then goes on to describe how "her experience has played out numerous times

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 16

1   across the nation." *Id*. at 7. He further opines Plaintiff was "terminated for
2   reasons that have no merit" and that Defendant "ignored" its "lawful requirement
3   and has failed to aggressively recruit women." *Id*. at 8. Mr. Dietrich describes
4   what he calls "organizational Schizophrenia" but does not provide any indication
5   this characterization is derived from applicable industry standards. *Id*. He also
6   impermissibly provides an opinion regarding Plaintiff's accent and her culture. *Id*.

7        Other impermissible conclusions include: Plaintiff "was the victim of
8   disparate treatment and disparate impact" (*id*. at 9); Plaintiff "satisfied all four
9   elements" of the disparate treatment prima facia case (*id*. at 11); Defendant "is
10  guilty" of inconsistently applying disciplinary policies (*id*. at 13); and Defendant's
11  "lackadaisical action . . . demonstrates a callous disregard for public policy, rules
12  and regulations" (*id*. at 14). Mr. Dietrich is not qualified to provide opinions or
13  conclusions regarding legal standards, and such opinion evidence is highly
14  prejudicial to Defendant and would be confusing to the jury.

15       Finally, Mr. Dietrich's opinion does not refer to any industry standards upon
16  which he claims to base his opinion. While Mr. Dietrich may have many years of
17  experience working in human resources, his experience is not evidenced by his
18  opinion. His testimony is inadmissible, unreliable, and irrelevant; therefore, the
19  testimony will be excluded.
20  //

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT ~ 17

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (ECF No. 18) is **GRANTED**. All state law claims asserted against Defendant are **DISMISSED with prejudice**. The federal law claims premised on national origin discrimination are also **DISMISSED with prejudice.**

2. Defendant's Motion to Exclude Expert (ECF No. 21) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 25, 2023.



THOMAS O. RICE
United States District Judge